WALTER W. IRWIN, Appellant, *v.* LIDO REALTY CORPORATION et al., Respondents.

(Argued January 15, 1929; decided February 13, 1929.)

*A. S. Gilbert* for appellant. The defendants were obligated to file the map, attached to the complaint, and to deliver to the plaintiff a deed of lot 199, describing the property with reference to said map and to keep open as public grounds or spaces the streets known as Breakers Way and Blackheath road. (*Johnson* v. *S. I. G. & C. M. Assn.*, 122 N. Y. 330; *Silberman* v. *Uhrlaub*, 116 App. Div. 869; *Williamson* v. *Salmon*, 105 Misc. Rep. 485; 196 App. Div. 922; 233 N. Y. 657; *White* v. *Moore*, 139 App. Div. 269; *Trustees of Watertown* v. *Cowen*, 4 Paige, 510; *Tallmadge* v. *East River Bank*, 26 N. Y. 105; *Trustees of Columbia College* v. *Lynch*, 70 N. Y. 440; *Lord* v. *Atkins*, 138 N. Y. 184; *Thousand Island Park Association* v. *Tucker*, 173 N. Y. 203; *Reis* v. *City of New York*, 188 N. Y. 58; *Matter of Mayor, etc., of N. Y.*, 188 N. Y. 581.) An irrevocable right was created in favor of the lot owners in the plan as shown on map No. 1, dated May 12, 1916, and filed July 14, 1916, and to the use of all the streets thereon. (*Johnson* v. *S. I. G. & C. M. Assn.*, 122 N. Y. 330.)

*John J. Curtin* and *Tracy S. Voorhees* for respondents. Plaintiff was accorded every right as to maintenance of streets which he would have had had Lido Realty Corporation and Long Beach on the Ocean, Inc., been one and the same, or had the plaintiff had a contract from both corporations to purchase the lot by reference to the map, and had such map been filed. (*Reis* v. *City of New York*, 188 N. Y. 58; *Matter of Mayor*, 188 N. Y. 581; *Matter of City of New York [East 177th Street]*, 239 N. Y. 119.)

*Per Curiam.* The plaintiff purchased of the Lido Realty Corporation lot No. 199 on a map showing the

street in front of the premises, Fair Way avenue, running to the ocean. He was offered a deed according to a map which did not run Fair Way avenue to the ocean. This resulted in a law suit in which the plaintiff claimed that other streets shown upon the maps should be kept open for his benefit. Two of these other streets, Breakers Way and Blackheath road, have been closed at the ocean by the erection of a hotel or club house. Fair Way avenue, however, which runs past the plaintiff's property, affords him access to the ocean and with other streets surrounding his property gives him ready access to all the main thoroughfares and highways.

The plaintiff very reasonably assumes that the hotel should not be taken down and the portions of the two streets mentioned, which have been closed, kept open for his benefit. He has asked the courts of equity, however, for relief of some nature. The Special Term dismissed his complaint upon the merits. The Appellate Division provided in place of the dismissal that the plaintiff recover of the defendants the sum of $1,000, and thus modified the judgment, without costs.

On the trial of the case, counsel for the defendant offered the plaintiff $1,267.67, " which is intended to represent the money paid with interest to date, * * * or a new deed of lot No. 199 with reference to a new filed map, a combined filed map of the Lido Realty Co. and the Long Beach on the Ocean, Inc., which map shows among other things Fair Way Avenue open down to the ocean giving full access to the ocean."

Although the plaintiff, upon the facts and the law, is not entitled to all the relief which he asked in his complaint, he should, in our opinion, have either his money back with interest, or else a deed according to the map showing Fair Way avenue open to the ocean.

We, therefore, modify the judgment of the Appellate Division to this extent. The plaintiff at his election is to have judgment for the amount paid together with interest

to date, or else is to receive the deed (Defendants' Exhibit B) offered by the defendants on the trial, that is, the deed of lot 199 according to the filed map (Defendants' Exhibit A) which shows Fair Way avenue open to the ocean. He is entitled to a deed which gives him access over Fair Way avenue to the ocean. The plaintiff is to make his election by serving upon the defendants' attorney within thirty days a written notice thereof. The judgment should be modified in accordance with this opinion and as modified affirmed, without costs in any court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.