KIRKWALL CORP., Respondent-Appellant, *v.* LEONARD SESSA, Appellant-Respondent.

First Department, June 8, 1972.

*Gerald D. Broder* for respondent-appellant.

*Harold Wm. Harrison* for appellant-respondent.

STEUER, J. In December, 1965 the plaintiff contracted to buy, and the defendant to sell, a parcel of vacant land in Nassau County. Title never closed and plaintiff brought this action. The first cause of action seeks damages for breach of the contract to sell and the second seeks the return of the deposit paid on account of the purchase price. Special Term dismissed the first cause of action on the ground that the contract specifically limited any damages for failure of title to close for lack of a marketable title to the deposit. We agree with that disposition. Special Term also granted summary judgment on the second cause of action. With that we disagree.

The property consisted of a vacant tract in the Village of Lake Success bounded on three sides by public streets — on the west by University Place, on the north by Northern Boulevard, and on the east by Lakeville Road. Before the adjourned date for the closing of title the Village of Lake Success erected a barrier across University Place at the point where that street meets Northern Boulevard. The position of the barrier is practically a continuation of the northern boundary of the property. Its effect is to prevent traffic going north along University Place from crossing or entering Northern Boulevard and also to prevent traffic on Northern Boulevard from turning south into University Place. The propriety of the village to erect such a barrier in pursuance of its right and duty to regulate traffic is not disputed.

Plaintiff's claim is that the barrier, or the restriction of traffic resulting from it, prevents access to the property. The difficulty with that claim is that the barrier does no such thing. An individual on any part of the property could proceed from the property to each and every public street and to every inch of those public streets exactly as he could before the barrier was erected; and, conversely, an individual on any of those public streets has the same access to the property.

The net result of the action of the village which found expression in the placing of the barrier was, to a degree, to make access to the property in question from a distance more difficult or burdensome. The same condition could result if a highway miles from the property were rerouted or closed. Cases based upon a showing that the purchaser was denied access to a street by virtue of appropriation of a highway fronting on the property have no application. And of course a purchaser may specify in the contract that a particular street remain open for a dis-

tance beyond the property (*Irwin* v. *Lido Realty Corp.*, 250 N. Y. 310). A failure in this regard is a breach of the condition of the contract rather than the presentation of an unmarketable title.

A situation very similar in effect, namely, a change in grade in a bordering street taking effect between the date of contract and closing, has been held not to render the title unmarketable (*Sperling* v. *Title Guar. & Trust Co.*, 227 App. Div. 5, affd. 252 N. Y. 613), even though the consequences were quite serious. The same is true when the change of grade has been under consideration by the municipal authorities but not ordered until after title passed (*Mafetone* v. *Forest Manor Homes,* 34 A D 2d 566), or where the city has allowed the abutting street to be maintained at a grade not conforming to that fixed under an agreement that the owner will conform the grade upon demand (*Laba* v. *Carey,* 29 N Y 2d 302). It is difficult to see how a title that would be marketable despite such significant changes in the abutting streets would become unmarketable if the traffic regulations in regard to that street were altered.

The order entered July 21, 1971 should be modified on the law to deny summary judgment to the plaintiff and, as so modified, affirmed, and the judgment entered thereon on August 26, 1971, vacated with costs to defendant-appellant.

EAGER, J. (dissenting). I would affirm. The plaintiff purchaser is entitled to a return of its down payment. The plaintiff's claim is not merely that the official barricading of the particular village and public street (University Place) abutting the subject premises results in loss of the most convenient access to certain nearby public streets; the nub of its claim is that, notwithstanding other means of access, it contracted for and was entitled to receive the benefit of the full use of all easements appurtenant to University Place designated as the boundary along one entire side of the premises. Actually, the majority opinion concedes that the placing of the barrier by the village authorities did, "to a degree * * * make access to the property in question from a distance more difficult or burdensome." Furthermore, the majority opinion seems to concede that the barricading of the street by proper authority constituted a breach of the condition of the contract, citing *Irwin* v. *Lido Realty Corp.* (250 N. Y. 310). This being so, it is not for the court to say that the plaintiff, as a contracting party, should take less than that for which he contracted. Since the " *de minimis* rule " is not to be followed in an action by the plaintiff purchaser to recover its down payment (see *Wates* v. *Crandall,* 144 N. Y. S. 2d 211, 216, affd. 2 A D 2d 715; *Rosenberg* v. *Centre Davis Corp.,* 209 N. Y. S. 2d 19,

affd. 15 A D 2d 506), the plaintiff is entitled to recover back the down payment with interest where the defendant is unable to convey title to the premises in accordance with the terms of the contract with full access over the particular village street abutting and immediately adjacent to the premises (*Irwin* v. *Lido Realty Corp., supra*). It is no answer to say that the plaintiff, on taking title, would have a remedy against the village for closing the street or be entitled to receive just compensation in condemnation proceedings. (See, e.g., *Golden* v. *Aldell Realty Corp.*, 70 N. Y. S. 2d 341.) This is in accordance with the well-settled general rule that a vendee may not be required to take title where the right to the unencumbered and full use of the premises or appurtenances thereto is apparently to be involved in litigation.

STEVENS, P. J., and TILZER, J., concur with STEUER, J.; EAGER, J., dissents in an opinion in which McGIVERN, J., concurs.

Order, Supreme Court, New York County, entered on July 21, 1971, modified, on the law, to deny summary judgment to the plaintiff and, as so modified, affirmed, and the judgment of said court entered thereon on August 26, 1971, vacated. Defendant-appellant-respondent shall recover of plaintiff-respondent-appellant $50 costs and disbursements of these cross appeals.