■    KIRKWALL CORP., Appellant, v LEONARD SESSA, Respondent.—Judgment, Supreme Court, New York County, entered December 26, 1974, which on an agreed statement of facts dismissed the complaint, reversed, on the law, without costs and without disbursements, vacated, and judgment granted to the plaintiff. Appeal from decision dated October 23, 1974, dismissed as nonappealable, without costs and without disbursements. This case was previously before this court on cross appeals on motions for summary judgment, and we modified at that time to provide that, with respect to the second cause of action for the return of a deposit, summary judgment should be denied (39 AD2d 185). Thereafter, the court at Trial Term decided in favor of the plaintiff on the "law of the case", feeling bound by the majority in that 3 to 2 decision. There are two aspects to this case, one involving marketability, and the other insurability. Marketability means a title whose validity is not open to serious doubt, *Brokaw v Duffy* (165 NY 391, 399). The erection of the barricade that limited access to this property did not affect, as the majority of this court held on the prior appeal, the marketability of title. However, here under the contract of sale, the seller was required to grant insurable title, and in the event of the failure thereof to refund the down payment. As the agreed statement of facts stipulates, the title insurance company refused to insure ingress and egress over the abutting street where the barricade exists pursuant to a zoning regulation, which became effective after the contract of sale was executed. (See *Laba v Carey,* 29 NY2d 302, 307.) Under the circumstances, the deposit should be returned. Concur—Kupferman, J. P., Birns and Evans, JJ.; Silverman and Lupiano, JJ., dissent in the following memorandum by Silverman, J. Although this court's previous decision in this matter (39 AD2d 185) did not expressly use the words "insurable title," I think it is clear that the issue was presented to the court and that the discussion of the law contained in the decision related to marketability and insurability of title, the court making no distinction between the two under the language of this contract. On the "trial" no new facts were adduced beyond those before this court on the earlier appeal. In the circumstances, I think that decision constitutes the law of the case for this court on the present appeal, and that if plaintiff desires a different result, it must seek it in the Court of

Appeals. Accordingly, I would affirm the judgment appealed from. Settle order on notice.